UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
IMPULSE MARKETING GROUP, INC.,                                      :
                                                                    :  05 CV 7776 (KMK) (JCF)
       Plaintiff,                                                   :
                                                                    :
       v.                                                           :  **COMPLAINT**
                                                                    :
NATIONAL SMALL BUSINESS ALLIANCE, INC.                              :
and DIRECT CONTACT MEDIA, INC.,                                     :  <u>JURY TRIAL DEMANDED</u>
                                                                    :
       Defendants.                                                  :
                                                                    :  ECF CASE
------------------------------------------------------------------- X

      Plaintiff Impulse Marketing Group, Inc., by its attorneys, Klein, Zelman, Rothermel & Dichter, L.L.P., as and for its Complaint hereby alleges, upon information and belief, as follows:

      1.    Plaintiff, Impulse Marketing Group, Inc. ("IMG" or "Plaintiff"), is a corporation organized under the laws of the State of Nevada, with its principal place of business located at 5887 Glenridge Drive, Suite 400, Atlanta, Georgia 30328.

      2.    Upon information and belief, defendant National Small Business Alliance, Inc. ("Defendant" or "NSBA"), is a District of Columbia corporation with its principal place of business in Washington, D.C.

      3.    Upon information and belief, defendant Direct Contact Media, Inc. ("Defendant" or "DCM"), is a California corporation with its principal place of business in San Diego, California.

### JURISDICTION AND VENUE

      4.    This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1) based upon the complete diversity of the parties.

      5.    The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees.

{00073012;1}

6. Venue is proper in this district because the parties contractually agreed to venue of this matter in this Court.

## BACKGROUND

7. IMG is an online marketing company that utilizes a network of affiliated entities to promote, market and sell various products and services, on behalf of third-party advertisers, through commercial e-mail and website advertisements.

8. Upon information and belief, NSBA is a membership-based association of small businesses and individuals that pools its collective resources to obtain discounts and services ordinarily offered only to large corporations.

9. On or about April 26, 2005, IMG and NSBA entered into an Advertiser Insertion Order (the "Insertion Order") and Advertiser Master Terms and Conditions Agreement (the "Terms and Conditions") (collectively, the "Agreement"), whereby IMG would provide certain online affiliate marketing services to NSBA for a fee.

10. On or about July 18, 2005, IMG and NSBA entered into an Addendum to the Agreement (the "Addendum").

11. Among other things, Section 10 of the Terms and Conditions and Section 2 of the Addendum each specifically provide that NSBA shall owe interest to IMG on any past due amounts at the rate of one and one-half percent (1½%) per month, plus any and all attorneys' fees and other costs and expenses incurred by IMG in the collection of past due amounts and interest from NSBA.  Further, the Agreement provides for unilateral termination, but only upon thirty (30) days' written notice to the other party.

12. Pursuant to the Agreement and the Addendum (collectively, the "Contract"), IMG provided online affiliate marketing services to NSBA.  IMG placed advertisements associated with NSBA products and services throughout IMG's network of affiliated websites, within

commercial e-mails transmitted to IMG's proprietary database of e-mail addresses, and the databases of its affiliates. Online users that responded to these advertisements were directed to a website designated by IMG that contained applications for NSBA products and services.

13. In accordance with the Contract, NSBA was required to compensate IMG each time an online user completed an application for a particular NSBA product and/or service on the website(s) designated by IMG (each such online user hereinafter referred to as a "Lead"). In addition, NSBA was required to pay IMG a fee for the sale of NSBA products and/or services to any and all online users that responded to IMG-placed advertisements but that did not properly complete the associated application on the website(s) designated by IMG (each such online user hereinafter referred to as a "Non-Complete"). IMG was responsible for identifying and compiling a list of all Leads and all Non-Completes and sending such lists to NSBA.

14. NSBA accepted the services provided by IMG.

15. IMG's main contact from NSBA throughout the course of performance of the Contract was Raymond Longino ("Longino"). Longino is, upon information and belief, the Chief Operating Officer of DCM. At various points, Longino represented DCM to be the real party in interest with respect to the Contract. Moreover, Longino, and other company representatives on behalf of NSBA and DCM (collectively, "Defendants"), requested that IMG send Non-Completes directly to DCM. IMG was specifically instructed to, at all times, send the lists of Leads and Non-Completes to a server owned and operated by DCM. Furthermore, representatives from DCM notified IMG that DCM would make payments on behalf of NSBA for services rendered pursuant to the Contract.

16. In connection with the above described affiliate marketing services, IMG submitted timely invoices on a daily basis to Defendants. These invoices reflected the amount of money Defendants owed IMG for the services provided and the terms of payment.

17. Relying on the expected compensation from Defendants, IMG paid commissions to its affiliate marketers for the online users that were directed to the website(s) designated by IMG through such affiliates' marketing efforts.

18. As of August 15, 2005, NSBA paid IMG a total of $565,930.50 for services rendered. Thereafter, NSBA failed and refused to pay for the outstanding amounts due under the various invoices rendered to them by IMG.

19. On August 19, 2005, NSBA provided written notice that it was terminating the Contract effective immediately.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against NSBA)

20. IMG incorporates by reference paragraphs 1 through 19 above, inclusive, as though fully set forth herein.

21. IMG has fully performed all of its obligations under the Contract.

22. NSBA has breached the Contract by failing to pay for services when payment came due. IMG has demanded payment for the services it provided pursuant to the Contract, but NSBA has failed and refused to make full payment.

23. NSBA further breached the Contract by terminating it upon less than thirty (30) days' written notice.

24. Pursuant to the Contract, after credit for all payments received, NSBA is presently obligated to pay IMG $680,000.00, plus interest in the amount of one and one-half percent (1½%) per month from the date such amounts were due until they are paid in full. IMG is

further entitled to its lost profits plus all costs, expenses and attorneys' fees incurred by IMG, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach of Contract Against DCM)

25. IMG incorporates by reference paragraphs 1 through 24 above, inclusive, as though fully set forth herein.

26. Upon information and belief, DCM is the alter ego or otherwise liable for the contractual obligations of NSBA as a true party in interest.

27. DCM has confirmed and ratified its liability for the Contract.

28. IMG has fully performed all of its obligations under the Contract.

29. DCM has breached the Contract by failing to pay for the amounts due and owing IMG.  IMG has demanded payment for the services it provided pursuant to the Contract, but DCM has failed and refused to make full payment.

30. Pursuant to the Contract, after credit for all payments received, DCM is presently obligated to pay IMG $680,000.00, plus interest in the amount of one and one-half percent (1½%) per month from the date such amounts were due until they are paid in full.  IMG is further entitled to its lost profits plus all costs, expenses and attorneys' fees incurred by IMG, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Breach of Implied Contract Against DCM)

31. IMG incorporates by reference paragraphs 1 through 30 above, inclusive, as though fully set forth herein.

32. By its words and actions, DCM impliedly agreed to pay IMG for the services provided to NSBA in exchange for the Leads and Non-Completes that it received from IMG.

33. IMG has fully performed all of its obligations under the Contract.

34. DCM has breached its implied contractual relationship with IMG by failing to pay for services when payment came due. IMG has demanded payment for the services it provided pursuant to the Contract, but DCM has failed and refused to make full payment.

35. Pursuant to the Contract, after credit for all payments received, DCM is presently obligated to pay IMG $680,000.00, plus interest in the amount of one and one-half percent (1½%) per month from the date such amounts were due until they are paid in full. IMG is further entitled to its lost profits plus all costs, expenses and attorneys' fees incurred by IMG, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**(Promissory Estoppel Against Defendants)**

36. IMG incorporates by reference paragraphs 1 through 35 above, inclusive, as though fully set forth herein.

37. IMG relied to its detriment on Defendants' obligations, representations and commitments to pay for the online affiliate marketing services IMG provided.

38. Had IMG known that Defendants would not fully compensate it, IMG would not have expended time, effort and money marketing the NSBA products and services. Furthermore, IMG would not have compensated its affiliates for the marketing services performed by them in connection with the Contract.

39. Under these circumstances, it would be fundamentally unfair to permit Defendants to deny the existence of a contract, and they should be estopped from doing so.

40. IMG has fully performed all of its obligations under the Contract.

41. IMG has demanded payment for the services it provided pursuant to the Contract, but Defendants have failed and refused to make full payment.

42. Pursuant to the Contract, after credit for all payments received, Defendants are presently obligated to pay IMG $680,000.00, plus interest in the amount of one and one-half percent (1½%) per month from the date such amounts were due until they are paid in full. IMG is further entitled to its lost profits plus all costs, expenses and attorneys' fees incurred by IMG, in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(Quantum Meruit)**

43. IMG incorporates by reference paragraphs 1 through 42 above, inclusive, as though fully set forth herein.

44. At the express request of Defendants, IMG rendered online affiliate marketing services to Defendants with a reasonable expectation of being compensated.

45. The fair and reasonable value of the online affiliate marketing services rendered to Defendants, less credit for amounts paid, is $680,000.00, plus interest.

46. These online affiliate marketing services were rendered for the benefit of Defendants.

47. The amounts due have been duly demanded and have not been paid.

48. Defendants have been unjustly enriched in the sum of $680,000.00, plus interest.

49. Pursuant to the Contract, after credit for all payments received, DCM is presently obligated to pay IMG $680,000.00, plus interest in the amount of one and one-half percent (1½%) per month from the date such amounts were due until they are paid in full, plus all costs, expenses and attorneys' fees incurred by IMG in connection with this action.

**SIXTH CAUSE OF ACTION**
**(Unjust Enrichment)**

50. IMG incorporates by reference paragraphs 1 through 49 above, inclusive, as though fully set forth herein.

51. IMG has enriched, or conferred a benefit upon, both of the Defendants by providing the services as described herein.

52. The reasonable and fair value of the services provided as described herein, less credit for amounts paid, is $680,000.00, plus interest.

53. By refusing to pay for the services provided and accepted, Defendants have been unjustly enriched in the sum of $680,000.00, plus interest.

## SEVENTH CAUSE OF ACTION
### (Attorneys' Fees, Costs and Expenses)

54. IMG incorporates by reference paragraphs 1 through 53 above, inclusive, as though fully set forth herein.

55. Pursuant to the express terms of the Contract, IMG is entitled to an award of attorneys' fees, costs and expenses incurred in the collection of past due amounts and interest from NSBA, in an amount to be determined at trial.

WHEREFORE, IMG respectfully demands judgment against Defendants as follows:

a. An award of monetary damages in the amount of $680,000.00, together with interest at the rate of one and one-half percent (1½%) per month, plus lost profits;

b. The imposition of a constructive trust;

c. An award of IMG's attorneys' fees, costs and expenses incurred in the collection of past due amounts and interest from NSBA;

d. Trial by jury on all issues for which a trial by jury is available; and

e. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 2, 2005

        KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.

By: ___s/_____
      Sean A. Moynihan (SM-5129)
      Joshua D. Rose (JR-3520)
      Jonathan E. Turco (JT-0214)
485 Madison Avenue
New York, New York 10022
(212) 935-6020

Attorneys for Impulse Marketing Group, Inc.