UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

IMPULSE MARKETING GROUP, INC.,

              Plaintiff,

v.

NATIONAL SMALL BUSINESS ALLIANCE,
INC. and DIRECT CONTACT MEDIA,
INC.,

              Defendants,
and

NATIONAL SMALL BUSINESS ALLIANCE,
INC.,

              Counterplaintiff,

v.

IMPULSE MARKETING GROUP, INC.,

              Counterdefendant.
-------------------------------------------------------------X

**Case Number: 05 CV 7776 (KMK)**

<u>**ANSWER AND
COUNTERCLAIMS**</u>

      Defendant NATIONAL SMALL BUSINESS ALLIANCE, INC. (hereinafter "NSBA"), by and through its attorneys, The Lustigman Firm, P.C., hereby responds to the Complaint and asserts counterclaims against Plaintiff IMPULSE MARKETING GROUP, INC. (hereinafter "IMG") as follows:

      1.    NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

      2.    NSBA admits the allegations contained in Paragraph 2 of the Complaint.

      3.    NSBA admits the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint consists of conclusions of law as to which no response is required.

5. NSBA admits the allegations contained in Paragraph 5 of the Complaint.

6. NSBA admits that venue is proper between it and IMG. NSBA denies the remaining allegations of paragraph 6.

## BACKGROUND

7. NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint. NSBA further avers that, upon information and belief, IMG promotes, markets and sells various products and services on behalf of itself as well as on behalf of others.

8. NSBA admits that it offers services and denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. NSBA admits that it entered into an Advertiser Insertion Order and Advertiser Master Terms And Conditions Agreement (collectively "the Agreement") with IMG and respectfully refers the Court thereto for an accurate recitation of the parties' duties thereunder.

10. NSBA admits the allegations contained in Paragraph 10 of the Complaint.

11. NSBA denies the allegations of Paragraph 11 of the Complaint in that the referenced Section of the Addendum cannot be read in isolation, and the Court is respectfully referred to the Agreement and the Addendum for a full and accurate recitation of the terms thereof.

12. NSBA admits that IMG initially provided services to NSBA pursuant to the Agreement and the Addendum. NSBA further avers that it lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of the Complaint.

13. NSBA denies the allegations of Paragraph 13 of the Complaint in that the referenced Section of the Addendum cannot be read in isolation, and the Court is respectfully referred to the Agreement and the Addendum To The Agreement for an accurate recitation of the parties' duties thereunder.

14. NSBA admits that it initially accepted services provided by IMG until such time as NSBA discovered the full extent of IMG's breaches of the Agreement.

15. NSBA admits that IMG communicated with Raymond Longino and that Longino is an executive of defendant DIRECT CONTACT MEDIA, INC. (hereinafter "DCM"). NSBA denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. NSBA denies the allegations contained in Paragraph 16 of the Complaint.

17. NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18. NSBA admits that it paid IMG at total of $565,930.50 . NSBA denies the remaining allegation of Paragraph 18 of the Complaint.

19. NSBA denies the allegations contained in Paragraph 19 of the Complaint.

**FIRST CAUSE OF ACTION**

20. NSBA incorporates by reference its responses to paragraphs 1 through 19 above, as though fully set forth herein.

21. NSBA denies the allegations contained in Paragraph 21 of the Complaint.

22. NSBA denies the allegations contained in Paragraph 22 of the Complaint except admits that IMG demanded payment even though it was not entitled to the payment demanded.

23. NSBA denies the allegations contained in Paragraph 23 of the Complaint.

24. NSBA denies the allegations contained in Paragraph 24 of the Complaint

## SECOND CAUSE OF ACTION

25. NSBA incorporates by reference its responses to paragraphs 1 through 25 above, as though fully set forth herein.

26. NSBA denies the allegations contained in Paragraph 26 of the Complaint.

27. NSBA denies the allegations contained in Paragraph 27 of the Complaint.

28. NSBA denies the allegations contained in Paragraph 28 of the Complaint.

29. NSBA denies the allegations contained in Paragraph 29 of the Complaint except admits that IMG demanded payment even though it was not entitled to the payment demanded.

30. NSBA denies the allegations contained in Paragraph 30 of the Complaint.

## THIRD CAUSE OF ACTION

31. NSBA incorporates by reference its responses to paragraphs 1 through 30 above, as though fully set forth herein.

32. NSBA denies the allegations contained in Paragraph 32 of the Complaint.

33. NSBA denies the allegations contained in Paragraph 33 of the Complaint.

34. NSBA denies the allegations contained in Paragraph 34 of the Complaint except admits that IMG demanded payment even though it was not entitled to the payment demanded.

35. NSBA denies the allegations contained in Paragraph 35 of the Complaint.

## FOURTH CAUSE OF ACTION

36. NSBA incorporates by reference its responses to paragraphs 1 through 35 above, as though fully set forth herein.

37. NSBA denies the allegations contained in Paragraph 37 of the Complaint except that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 37 of the Complaint with respect to what IMG may or may not have relied on.

38. NSBA lacks knowledge or information sufficient to form a belief as to what IMG "would not have" done. NSBA denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint consists of conclusions of law and improper argument to which no response is required. To the extent paragraph 39 of the Complaint contains allegations against NSBA, NSBA denies same.

40. NSBA denies the allegations contained in Paragraph 40 of the Complaint.

41. NSBA admits that IMG demanded payment even though it was not entitled to the payment demanded. NSBA denies the remaining allegation of Paragraph 41 of the Complaint.

42. NSBA denies the allegations contained in Paragraph 42 of the Complaint.

## FIFTH CAUSE OF ACTION

43. NSBA incorporates by reference its responses to paragraphs 1 through 42 above, as though fully set forth herein.

44. NSBA denies the allegations contained in Paragraph 44 of the Complaint.

45. NSBA denies the allegations contained in Paragraph 45 of the Complaint.

46. NSBA denies the allegations contained in Paragraph 46 of the Complaint.

47. NSBA admits that IMG demanded payment even though it was not entitled to the payment demanded. To the extent paragraph 47 of the Complaint contains allegations against NSBA, NSBA denies same.

48. NSBA denies the allegations contained in Paragraph 48 of the Complaint.

49. NSBA denies the allegations contained in Paragraph 49 of the Complaint.

## SIXTH CAUSE OF ACTION

50. NSBA incorporates by reference its responses to paragraphs 1 through 49 above, as though fully set forth herein.

51. NSBA denies the allegations contained in Paragraph 51 of the Complaint.

52. NSBA denies the allegations contained in Paragraph 52 of the Complaint.

53. NSBA denies the allegations contained in Paragraph 53 of the Complaint.

## SEVENTH CAUSE OF ACTION

54. NSBA incorporates by reference its responses to paragraphs 1 through 53 above, as though fully set forth herein.

55. NSBA denies the allegations contained in Paragraph 55 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

IMG's claims are barred by its own material breaches.

## THIRD AFFIRMATIVE DEFENSE

All equitable claims are barred under the doctrines of unclean hands, waiver, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

IMG's claims are barred by its own intentional, culpable conduct.

## FIFTH AFFIRMATIVE DEFENSE

IMG's failure to render its services in accordance with its own representations, within industry standards and within the terms of the parties' agreement substantially and fundamentally defeated the very purpose of such document and entitles NSBA to rescission.

## SIXTH AFFIRMATIVE DEFENSE

IMG failed to mitigate any alleged damages it may have suffered.

## SEVENTH AFFIRMATIVE DEFENSE

IMG's breaches of the parties' agreement exposed NSBA to legal liability and threatened NSBA with immediate and irreparable harm unless ceased immediately.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails due to the contributory negligence and affirmative malfeasance of others, namely IMG's affiliates.

## NINTH AFFIRMATIVE DEFENSE

NSBA denies any and all allegations and averments in the Complaint that have not been specifically and expressly admitted herein.

## TENTH AFFIRMATIVE DEFENSE

No damages were suffered by IMG.

## ELEVENTH AFFIRMATIVE DEFENSE

IMG is not entitled to a trial by jury.

**WHEREFORE**, NSBA prays that the Complaint be dismissed in its entirety, together with its costs and expenses and such other and further relief as may be appropriate.

## COUNTERCLAIMS

As and for its counterclaims against IMG, NSBA hereby alleges, as follows:

### PARTIES, JURISDICTION AND VENUE

1. Upon information and belief, Counterdefendant IMG is a Nevada corporation with its principal place of business located in Atlanta, Georgia.

2. Counterplaintiff NSBA is incorporated in and has as its principal place of business Washington, D.C. IMG and NSBA entered into an agreement under which both parties submitted to the jurisdiction of this Court.

3. This Court has jurisdiction over Counterplaintiff NSBA's counterclaims pursuant to 28 U.S.C. § 1332.

4. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs, and attorneys' fees.

5. With respect to the counterclaims, venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because NSBA and IMG contractually agreed to the venue of this matter in this Court.

## BACKGROUND

6. This is a civil action for breach of contract, bad faith, unjust enrichment, use of false designation of origin and in violation of Sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related claims under the laws of the State of New York and at common law for unfair competition, unfair trade practices and acts, false and misleading advertising, and deceptive acts and practices.

7. NSBA is a company that provides services primarily to small businesses. It entered into a contractual relationship ("the Agreement") with IMG on or about April 26, 2005, which was later amended by the Addendum.

8. Under the terms of the Agreement, IMG would market NSBA's services over the Internet in exchange for a per-sale (or under the language of the Agreement, a "per acquisition") commission. Under the Agreement, IMG committed to use its own efforts, as well as the efforts of IMG's network of affiliates, to advertise NSBA on various websites and through commercial e-mail solicitations.

9. Because the field of commercial e-mails is heavily regulated by anti-"spam" laws and other unfair trade practice statutes, NSBA insisted that the Agreement contain, and the Agreement does in fact contain, a provision that the contents of any advertisements or e-mail used by IMG or its affiliates must be approved by NSBA before being published or transmitted. Specifically, the Agreement provides that "[NSBA] will be solely responsible for creating, managing, editing, reviewing, deleting and otherwise controlling the advertising and the content thereof... No changes shall be made to the advertising by IMG or its affiliates without the express written consent of [NSBA]."

10. The Agreement also provided that with respect to sales and leads generated pursuant to the Agreement, IMG was forbidden from marketing products or services that competed with NSBA.

11. In order to assist the parties in maximizing revenues, NSBA permitted IMG to design and maintain a website, www.nsbaonline1.com ("the website"), through which customers could order NSBA's services. Commercial e-mails included a link to the website to facilitate a purchase and to allow the parties to calculate the number of sales achieved pursuant to the Agreement.

12. The website was constructed to enable purchases to be made via the Internet. Interested customers were asked to enter their name, physical address, e-mail address, telephone number and checking account information if he or she was considering making a purchase.

13. If the customer proceeded to enter the requested information, he or she was supposed to be informed of the terms and conditions of the purchase, and would receive one last opportunity to accept or decline the purchase depending on their acceptance of the terms of sale. If the customer accepted, the transaction would be processed and the checking account that the customer provided would be debited.

14. Upon information and belief, unbeknownst to NSBA, IMG designed the website so that if the customer entered the required information but then declined the terms and conditions or otherwise tried to exit the website without completing the purchase, the transaction could and would nonetheless be processed and the consumer's checking account debited. The customer might not notice the debit until the end of the billing cycle of the checking account.

15. IMG's scheme to process incomplete transactions and debit the accounts of unwilling customers had the effect of increasing IMG's commissions in the short term and exposing NSBA to, among other things, a very high rate of refund requests and customer dissatisfaction, usually after the customer received their checking statement at the end of the billing cycle.

16. The scheme to process incomplete transactions was not the only instance of wrongful conduct on the part of IMG. In a separate attempt to achieve even greater commission levels, IMG and its affiliates began using non-approved advertisements that falsely described the nature of NSBA's offer in an attempt to generate more sales and therefore, more commissions.

17. The non-approved advertisements resulted in artificially inflated commission claims by IMG, and for NSBA, more dissatisfied consumers, more refund requests and increased legal exposure for possible unfair trade practices.

18. IMG and its affiliates also used the NSBA brand name in the subject line of commercial e-mail solicitations for other products. This had the effect of trading off NSBA's brand name and associated goodwill to sell products that competed with NSBA. **These e-mails continued through at least October 12, 2005 and are possibly continuing through the date hereof. On October 12, 2005, IMG and/or its affiliates used NSBA's name and goodwill in an e-mail to market credit cards for Four Oaks Bank and Trust Company in North Carolina.**

19. Upon information and belief, IMG breached the contract in a number of additional ways, including but not limited to improperly offering competing products to customers and potential customers of NSBA and other misuse of customer information that will be revealed through the discovery process in this case.

### FIRST COUNTERCLAIM – BREACH OF CONTRACT

20. NSBA repeats and realleges the allegations contained in paragraphs 1 through 19 as if set forth at length herein.

21. NSBA and IMG were parties to the Agreement.

22. IMG materially breached the contract through the conduct described herein.

23. IMG's material breaches of the Agreement have damaged NSBA in an amount to be determined at trial.

### SECOND COUNTERCLAIM – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 19 as if set forth at length herein.

25. Under the law of the State of New York, a covenant of good faith and fair dealing is implied in every contract.

26. Through the conduct described herein, IMG breached breaches of the covenant of good faith and fair dealing.

27. IMG's breaches of the covenant of good faith and fair dealing have damaged NSBA in an amount to be determined at trial.

### THIRD COUNTERCLAIM – LANHAM ACT FALSE ADVERTISING

28. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 19 as if set forth at length herein.

29. IMG made false statements about the nature of it and its customers' offers constituting false or misleading statements of fact.

30. Such statements either actually deceived or had the capacity to deceive a substantial segment of potential consumers.

31. The deception was material, as it was likely to influence the purchasing decision of consumers.

32. IMG made these statements in interstate commerce.

33. NSBA has been injured and is likely to be further injured as a result of IMG's conduct in an amount to be determined at trial.

34. The acts alleged herein constitute false advertising in violation of the Lanham Act.

35. Because of IMG's bad faith and the willful and deliberate nature of IMG's conduct, the amount of NSBA's damages should be trebled in accordance with 15 U.S.C § 1117(a).

36. The foregoing acts of IMG additionally warrant an award of attorney's fees as an "exceptional case."

## FOURTH COUNTERCLAIM – LANHAM ACT UNFAIR COMPETITION

37. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 19 as if set forth at length herein.

38. By deliberately inserting NSBA's name into the subject line of e-mail solicitations for competing products, IMG has caused, and if not enjoined, will continue to cause, consumers within this judicial district and others to be confused, mistaken and/or deceived as to the affiliation, connection or association with NSBA or as to the origin, sponsorship or approval of the goods and services being promoted by IMG.

39. IMG and its affiliates have unfairly denied NSBA the brand name recognition and associated goodwill among potential purchasers.

40. IMG has unfairly diverted and distracted potential purchasers from NSBA.

41. By processing transactions in the name of NSBA to consumers who did not accept the terms of sale in order to generate commissions for itself, IMG has unfairly denied NSBA the brand name recognition and associated goodwill among consumers.

42. Because of IMG's bad faith and the willful and deliberate nature of IMG's conduct, the amount of NSBA's damages should be trebled in accordance with 15 U.S.C § 1117(a).

43. The foregoing acts of IMG additionally warrant an award of attorney's fees as an exceptional case

### FIFTH COUNTERCLAIM – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

44. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 19 as if set forth at length herein.

45. The Agreement provided that if a potential customer provided his contact information through the Internet but decided not to make a purchase (referred to in the Complaint as a "non-complete"), that NSBA would have certain rights to solicit that potential customer and that IMG could not offer competing products to these potential customers.

46. Because of the Agreement, IMG had knowledge of these prospective business relationships between NSBA and potential customers who had expressed some interest in NSBA's services.

47. Upon information and belief, IMG offered competing products to these potential customers in interference with these prospective business relations.

48. IMG used dishonest, unfair and/or improper means to interfere with NSBA's prospective business relationships.

49. IMG injured NSBA by causing it to lose many of these business relationships in an amount to be proven at trial.

## SIXTH COUNT – NEW YORK GENERAL BUSINESS LAW § 349

50. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 19, 28 through 32, and 37 through 40 as if set forth at length herein.

51. The misrepresentations by IMG described herein appeared in Internet advertisements and e-mails sent directly to consumers in this state.

52. The misrepresentations by IMG described herein constitute deceptive acts or practices in the conduct of business, trade or commerce or in the furnishing of services in this state.

53. IMG's statements concerning the nature of NSBA's offer are materially misleading.

54. The plaintiff has been directly and proximately damaged as a result of defendants' materially misleading statements directed at consumers in an amount to be proven at trial.

55. IMG's acts as described herein were committed willfully, knowingly and with a high degree of moral turpitude.

56. NSBA therefore should be awarded treble damages, punitive damages and reasonable attorney's fees from IMG.

## SEVENTH COUNT – NEW YORK GENERAL BUSINESS LAW § 350

57. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 19, 28 through 32, and 37 through 40 as if set forth at length herein.

58. IMG and its affiliates used non-approved advertisements that falsely described the nature of NSBA's offer.

59. These false statements were materially misleading.

60. NSBA has been injured as a result of defendants' false advertisements.

## EIGHTH COUNT – COMMON LAW TRADEMARK INFRINGEMENT

61. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 19 and 37 through 40 as if set forth at length herein.

62. NSBA has protectable common law service marks in the NSBA and NATIONAL SMALL BUSINESS ALLIANCE marks ("the NSBA marks").

63. IMG's unauthorized use of the NSBA marks to sell goods and/or services has created a likelihood of confusion with respect to affiliation, connection or association with NSBA or as to the source of origin, sponsorship or approval of the goods and services being promoted by IMG.

64. NSBA has been directly and proximately damaged by the acts of IMG as described herein in an amount to be proven at trial.

65. The acts of IMG as described herein constitute trademark infringement under the common law of the State of New York.

## NINTH COUNT – COMMON LAW UNFAIR COMPETITION

66. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 19, 28 through 32, and 37 through 40 as if set forth at length herein.

67. IMG's conduct as described herein has directly and proximately damaged NSBA and constitutes unfair competition under the common law of the State of New York.

## TENTH COUNT - MISAPPROPRIATION

68. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 19 as if set forth at length herein.

69. IMG's conduct as described herein, constituted an unlawful misappropriation for IMG's own use and benefit the valuable goodwill and brand name recognition under the common law of the State of New York.

70. IMG's misappropriation as described herein has directly and proximately damaged NSBA in an amount to be proven at trial.

## ELEVENTH COUNT – UNJUST ENRICHMENT

71. NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 to 19 above as if fully set forth herein.

72. IMG received and retained the benefit of NSBA's marketing and advertising services and expenditures to generate a customer and lead base which, but for the NSBA's acts, would not have been performed by NSBA.

73. IMG improperly used said customer list and lead base for their own benefit without paying just compensation.

74. IMG has been unjustly enriched having use of NSBA's assets and expenditures.

75. By reason of the foregoing, NSBA is entitled to the value of its services and benefits retained by IMG in the amount to be proven at trial.

**WHEREFORE**, NSBA demands judgment as follows against IMG:

A. Permanently enjoining defendants, their officers, directors, employees, and attorneys and all those acting in concert with them from using the NSBA marks or its property in any commercial e-mail, in any Internet website or domain name or in any other manner that violates the Lanham Act or the statutory or common law of New York.

B. Ordering an accounting of all revenues received by IMG through any improper use of the NSBA marks or as a result of the false or misleading advertising or unfair competition described herein.

C. Requiring IMG to account to NSBA for any and all profits derived by it from the unauthorized advertising and/or sale of products and services and for all damages sustained by NSBA reason of IMG's acts of infringement, unfair competition, breach of contract, unjust enrichment, and other wrongdoing complained of herein;

D.    Awarding NSBA: i) all profits realized as a result of the false advertising, unfair competition, deceptive trade practices and trademark infringement of the NSBA marks; ii) all damages sustained by NSBA, including but limited to lost profits and damages to its goodwill and brand name recognition; and iii) in the Court's discretion, such sum as the Court finds to be just, including but not limited to such damages being enhanced according to statute.

E.    Awarding NSBA treble damages or profits pursuant to 15 U.S.C. § 1117(b).

F.    Awarding NSBA punitive damages.

G.    Awarding NSBA the costs of this action, pre-judgment interests and reasonable attorney's fees.

H.    Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 18, 2005

THE LUSTIGMAN FIRM, P.C.

By: /s/ Scott Shaffer
ANDREW B. LUSTIGMAN (AL-8209)
SCOTT SHAFFER (SS-6560)
149 Madison Avenue, Suite 805
New York, New York 10016
Tel: (212) 683-9180
Fax: (212) 683-9181

ATTORNEYS FOR DEFENDANT AND
COUNTERPLAINTIFF NATIONAL
SMALL BUSINESS ALLIANCE, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, and to the extent permitted by the parties' Agreement, National Small Business Alliance, Inc. requests a trial by jury.

DATED:   New York, New York
         October 17, 2005

                            THE LUSTIGMAN FIRM, P.C.

                            By: _____/s/ Scott Shaffer_____
                                ANDREW B. LUSTIGMAN (AL-8209)
                                SCOTT SHAFFER (SS-6650)

## CERTIFICATE OF SERVICE

      I, Marie Carney, a paralegal of The Lustigman Firm, P.C., counsel for the defendants in the within action, do hereby certify that a true copy of the following documents:

1) RULE 7.1 STATEMENT;

2) ANSWER AND COUNTERCLAIMS

were served by e-mail through the Court's electronic filing (ECF) system and also by Federal Express overnight courier on the 18th day of October, 2005 upon counsel for plaintiff in the within action by depositing same in an envelope and causing Federal Express to deliver it to:

Sean A. Moynihan, Esq.
Klein, Zelman, Rothermel & Dichter
485 Madison Avenue
New York, NY 10022

counsel for the plaintiff in this matter.

*Marie Carney*
Marie Carney
Paralegal

Dated: October 18, 2005