**THE LUSTIGMAN FIRM**
**ATTORNEYS**
149 MADISON AVENUE
SUITE 805
NEW YORK, NY 10016-6713
TEL:(212) 683-9180 – FAX: (212) 683-9181
www.lustigmanfirm.com

MEMO ENDORSED

SHELDON S. LUSTIGMAN*
ANDREW B. LUSTIGMAN*
SCOTT A. SHAFFER*
ADAM Z. SOLOMON

ADMITTED IN NY & NJ

October 18, 2005

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/05

**By Facsimile: (212) 805-7968**

Hon. Kenneth M. Karas
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re: Impulse Marketing Group, Inc. v. National Small Business Alliance, Inc. and Direct Contact Media, Inc., Case No. 05 CV 7776 (S.D.N.Y.)

Dear Judge Karas:

This office represents the defendants in the above-referenced action. I am writing to clarify my previous letter to the Court. Pursuant to the Court's individual practices, I hereby request a pre-motion conference on behalf of Direct Contact Media, Inc. ("DCM"). I wish to file a motion to dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim on which relief can be granted. (The remaining defendant, National Small Business Alliance, Inc. ("NSBA") will file an answer and counterclaims today).

Although none of the three parties reside in this district, plaintiff Impulse Marketing Group, Inc. ("IMG") and NSBA entered into a contract designating the courts of New York as the forum for any disputes arising thereunder. DCM was not a party to that contract, nor any other, with IMG.

The Complaint alleges NSBA breached a contract that called for IMG to provide Internet marketing services to NSBA. IMG is a Nevada corporation, NSBA is a District of Columbia corporation and DCM is a California corporation. DCM never agreed to

NJ Office: 158 Windham Road, Hillsdale, NJ 07642 • (201) 358-0948

Hon. Kenneth M. Karas
October 18, 2005
Page 2 of 2

litigate here and lacks the required minimum contacts with the State of New York, so there is no legal basis for the exercise of personal jurisdiction over it.

However, IMG has named DCM as a defendant, on the alleged basis that DCM is the alter-ego of NSBA. The alter-ego claim is doomed to fail because the Complaint alleges no facts (and none exist) to suggest that DCM dominated NSBA or that any such domination was used to commit a fraud or wrong against IMG.

DCM is therefore entitled to dismissal from this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. DCM, a marketing agency retained by NSBA, has no connection whatsoever to the contract upon which this lawsuit is based. **The relationship between co-defendants NSBA and DCM is based strictly in contract.** They are not alter-egos and there is no link between the two defendants in this case capable of supporting a cause of action against DCM. Thus, the connection between NSBA and DCM falls far short of the high standard required under either New York or California law to pierce the corporate veil.

Dismissal of DCM from this action is also required by Fed.R.Civ.P. 12(b)(2). There are no facts alleged in the Complaint capable of sustaining personal jurisdiction over DCM, a foreign corporation lacking contacts to New York. Even the Complaint admits that DCM has its principal place of business in California. DCM has no continuous presence in New York. It is neither "doing business" nor "transacting business" in New York with respect to the allegations of the Complaint. DCM has none of the indicia of presence that courts look to when deciding whether personal jurisdiction exists: it has no property, bank accounts, offices, facilities, etc. in this state.

I have spoken to plaintiff's counsel, Sean Moynihan, and informed him that, contrary to my last letter, the Court intends to adhere to its individual practices. Mr. Moynihan indicated he does not object to an extension of time for DCM to file its response until the pre-motion conference is held.

Respectfully yours,

*Scott Shaffer*
Scott Shaffer

cc: Sean Moynihan, Esq. (212-753-8101)

*[Handwritten note:]* The parties are directed to appear at a pre-motion conference on Nov. 15, 2005 at 4:30pm. Defendant Direct Contact Media's time to answer or otherwise respond to the complaint is extended until then.

SO ORDERED

*KENNETH M. KARAS U.S.D.J.*
10/18/05