UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
IMPULSE MARKETING GROUP, INC.,                                      :
                                                                    :  05 CV 7776 (KMK)
            Plaintiff,                                              :
                                                                    :
      v.                                                            :  **REPLY TO COUNTERCLAIMS**
                                                                    :
NATIONAL SMALL BUSINESS ALLIANCE, INC.                              :
and DIRECT CONTACT MEDIA, INC.,                                     :
                                                                    :
            Defendants.                                             :
                                                                    :  ECF CASE
------------------------------------------------------------------- X

      Plaintiff Impulse Marketing Group, Inc. ("IMG" or "Plaintiff"), by its attorneys Klein, Zelman, Rothermel & Dichter, L.L.P., Reply to Defendant National Small Business Alliance, Inc.'s ("Defendant") Counterclaims as follows:

## PARTIES, JURISDICTION AND VENUE

      1.      Admits the allegations set forth in paragraph 1 of Defendant's Counterclaims.

      2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Defendant's Counterclaims.

      3.      The allegations contained in paragraph 3 of Defendant's Counterclaims call for conclusion of law to which no responsive pleading is required. To the extent that a response is required, Plaintiff denies same.

      4.      Denies that the amount of Defendant's Counterclaims in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

      5.      Admits the allegations set forth in paragraph 5 of Defendant's Counterclaims.

00074828;1

## BACKGROUND

6. The allegations set forth in paragraph 6 of Defendant's Counterclaims call for a conclusion of law to which no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegation that "NSBA is a company that provides services primarily to small businesses" but admits the remaining allegation contained in paragraph 7 of Defendant's Counterclaims.

8. No response is required as to the allegations set forth in paragraph 9 of Defendant's Counterclaims, as the Agreement speaks for itself.

9. No response is required as to the allegations set forth in paragraph 9 of Defendant's Counterclaims, as the Agreement speaks for itself.

10. Denies the allegations set forth in paragraph 10 of Defendant's Counterclaims.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of Defendant's Counterclaims.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of Defendant's Counterclaims.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Defendant's Counterclaims.

14. Denies the allegations set forth in paragraph 14 of Defendant's Counterclaims.

15. Denies the allegations set forth in paragraph 15 of Defendant's Counterclaims.

16. Denies the allegations set forth in paragraph 16 of Defendant's Counterclaims.

17. Denies the allegations set forth in paragraph 17 of Defendant's Counterclaims.

18. Denies the allegations set forth in paragraph 18 of Defendant's Counterclaims.

19. Denies the allegations set forth in paragraph 19 of Defendant's Counterclaims.

## FIRST COUNTERCLAIM – BREACH OF CONTRACT

20. IMG repeats and reiterates each and every reply set forth in paragraphs 1 through 19 above, inclusive, as though set forth herein.

21. Admits the allegations set forth in paragraph 21 of Defendant's First Counterclaim.

22. Denies the allegations set forth in paragraph 22 of Defendant's First Counterclaim.

23. Denies the allegations set forth in paragraph 23 of Defendant's First Counterclaim.

## SECOND COUNTERCLAIM – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24. IMG repeats and reiterates each and every reply set forth in paragraphs 1 through 23 above, inclusive, as though set forth herein.

25. The allegations contained in paragraph 25 of Defendant's Second Counterclaim calls for conclusion of law to which no responsive pleading is required.

26. Denies the allegations set forth in paragraph 26 of Defendant's Second Counterclaim.

27. Denies the allegations set forth in paragraph 27 of Defendant's Second Counterclaim.

## THIRD COUNTERCLAIM – LANHAM ACT FALSE ADVERTISING

28. IMG repeats and reiterates each and every reply set forth in paragraphs 1 through 27 above, inclusive, as though set forth herein.

29. Denies the allegations set forth in paragraph 29 of Defendant's Third Counterclaim.

30. Denies the allegations set forth in paragraph 30 of Defendant's Third Counterclaim.

31. Denies the allegations set forth in paragraph 31 of Defendant's Third Counterclaim.

32. Denies the allegations set forth in paragraph 32 of Defendant's Third Counterclaim.

33. Denies the allegations set forth in paragraph 33 of Defendant's Third Counterclaim.

34. Denies the allegations set forth in paragraph 34 of Defendant's Third Counterclaim.

35. Denies the allegations set forth in paragraph 35 of Defendant's Third Counterclaim.

36. Denies the allegations set forth in paragraph 36 of Defendant's Third Counterclaim.

**FOURTH COUNTERCLAIM – LANHAM ACT UNFAIR COMPETITION**

37. IMG repeats and reiterates each and every reply set forth in paragraphs 1 through 36 above, inclusive, as though set forth herein.

38. Denies the allegations set forth in paragraph 38 of Defendant's Fourth Counterclaim.

39. Denies the allegations set forth in paragraph 39 of Defendant's Fourth Counterclaim.

40. Denies the allegations set forth in paragraph 40 of Defendant's Fourth Counterclaim.

41. Denies the allegations set forth in paragraph 41 of Defendant's Fourth Counterclaim.

42. Denies the allegations set forth in paragraph 42 of Defendant's Fourth Counterclaim.

43. Denies the allegations set forth in paragraph 43 of Defendant's Fourth Counterclaim.

**FIFTH COUNTERCLAIM – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**

44. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 43 above, inclusive, as though set forth herein.

45. No response is required as to the allegations set forth in paragraph 45 of Defendant's Counterclaims as the Agreement, as defined in Defendant's Counterclaim, speaks for itself.

46. Denies the allegations set forth in paragraph 46 of Defendant's Fifth Counterclaim.

47. Denies the allegations set forth in paragraph 47 of Defendant's Fifth Counterclaim.

48. Denies the allegations set forth in paragraph 48 of Defendant's Fifth Counterclaim.

49. Denies the allegations set forth in paragraph 49 of Defendant's Fifth Counterclaim.

## SIXTH COUNT[1] – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

50. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 49 above, inclusive, as though set forth herein.

51. Denies the allegations set forth in paragraph 51 of Defendant's Sixth Count.

52. Denies the allegations set forth in paragraph 52 of Defendant's Sixth Count.

53. Denies the allegations set forth in paragraph 53 of Defendant's Sixth Count.

54. Denies the allegations set forth in paragraph 54 of Defendant's Sixth Count.

55. Denies the allegations set forth in paragraph 55 of Defendant's Sixth Count.

56. Denies the allegations set forth in paragraph 56 of Defendant's Sixth Count.

## SEVENTH COUNT – NEW YORK GENERAL BUSINESS LAW § 350

57. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 56 above, inclusive, as though set forth herein.

58. Denies the allegations set forth in paragraph 58 of Defendant's Seventh Count.

59. Denies the allegations set forth in paragraph 59 of Defendant's Seventh Count.

60. Denies the allegations set forth in paragraph 60 of Defendant's Seventh Count.

## EIGHTH COUNT – COMMON LAW TRADEMARK INFRINGEMENT

61. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 60 above, inclusive, as though set forth herein.

---

[1] For Defendant's sixth, seventh, eighth, ninth, tenth, and eleventh Counterclaims, Defendant uses the term "count" instead of "Counterclaim" in its headings.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of Defendant's Eighth Count.

63. Denies the allegations set forth in paragraph 63 of Defendant's Eight Count.

64. Denies the allegations set forth in paragraph 64 of Defendant's Eighth Count.

65. Denies the allegations set forth in paragraph 65 of Defendant's Eighth Count.

### NINTH COUNT – COMMON LAW UNFAIR COMPETITION

66. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 65 above, inclusive, as though set forth herein.

67. Denies the allegations set forth in paragraph 67 of Defendant's Ninth Count.

### TENTH COUNT – MISAPPROPRIATION

68. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 67 above, inclusive, as though set forth herein.

69. Denies the allegations set forth in paragraph 69 of Defendant's Tenth Count.

70. Denies the allegations set forth in paragraph 70 of Defendant's Tenth Count.

### ELEVENTH COUNT – UNJUST ENRICHMENT

71. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 70 above, inclusive, as though set forth herein.

72. Denies the allegations set forth in paragraph 72 of Defendant's Eleventh Count.

73. Denies the allegations set forth in paragraph 73 of Defendant's Eleventh Count.

74. Denies the allegations set forth in paragraph 74 of Defendant's Eleventh Count.

75. Denies the allegations set forth in paragraph 75 of Defendant's Eleventh Count.

## AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Without admitting any of the allegations of Defendant's Counterclaims, IMG alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaims fail to state a cause of action or to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of fair use.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, because Defendant consented to permit IMG to use its name in commercial use.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, because Defendant failed to mitigate its damages.

**NINTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred, in whole or in part, because of Defendant's own material breaches.

**TENTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred, in whole or in part, because of Defendant's own intentional, culpable conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred by specific provisions of the Agreement(s).

WHEREFORE, IMG prays that the Court:

1. Dismiss Defendant's Counterclaims with prejudice and enter judgment for IMG;

2. Deny any injunctive or equitable relief sought by Defendant;

3. Award IMG its reasonable attorney's fees, disbursements, and costs; and

4. Grant IMG such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 9, 2005

    KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.

    By:    s/
    Sean A. Moynihan (SM-5129)
    Joshua D. Rose (JR-3520)
    Peter J. Glantz (PG-1063)
    485 Madison Avenue
    New York, New York 10022
    (212) 935-6020
    Attorneys for Plaintiff
    Impulse Marketing Group, Inc.

00074828;1