UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
IMPULSE MARKETING GROUP, INC.,    :    **CASE NO. 05 CV 7776 (KMK)**
                                  :
              Plaintiff,          :
         v.                       :
                                  :    **NATIONAL SMALL BUSINESS**
NATIONAL SMALL BUSINESS           :    **ALLIANCE, INC.'S ANSWER**
ALLIANCE INC. and DIRECT          :    **TO FIRST AMENDED COMPLAINT**
CONTACT MEDIA, INC.,              :    **AND COUNTERCLAIMS**
                                  :    _____
              Defendants,         :
and                               :
                                  :
NATIONAL SMALL BUSINESS           :
ALLIANCE, INC.,                   :
                                  :
           Counterplaintiff,      :
                                  :
         v.                       :
                                  :
IMPULSE MARKETING GROUP, INC.,    :
                                  :
           Counterdefendant.      :
-------------------------------X

     Defendant NATIONAL SMALL BUSINESS ALLIANCE, INC.

(hereinafter "NSBA"), by and through its attorneys, The

Lustigman Firm, P.C., hereby responds to the First Amended

Complaint and asserts counterclaims against Plaintiff IMPULSE

MARKETING GROUP, INC. (hereinafter "IMG") as follows:

     1.   As no allegations are contained in Paragraph 1, no

response is required thereto.

     2.   NSBA lacks knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations contained

in Paragraph 2 of the First Amended Complaint.

3.   NSBA admits the allegations contained in Paragraph 3 of the First Amended Complaint.

**4.**   NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the First Amended Complaint.

### BACKGROUND

5.   NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the First Amended Complaint.

6.   NSBA admits the allegations contained in Paragraph 6 of the First Amended Complaint.

7.   NSBA admits that it entered into an Advertiser Insertion Order and Advertiser Master Terms And Conditions Agreement (collectively "the Agreement") with IMG and respectfully refers the Court thereto for an accurate recitation of the parties' duties thereunder.

8.   NSBA admits the allegations contained in Paragraph 8 of the First Amended Complaint.

9.   NSBA denies the allegations of Paragraph 9 of the First Amended Complaint as the referenced Section of the Addendum cannot be read in isolation. The Court is respectfully referred to the Agreement and the Addendum for a full and accurate recitation of the terms thereof.

10. NSBA denies the allegations contained in Paragraph 10 of the First Amended Complaint.

11. NSBA admits that IMG initially provided services to NSBA pursuant to the Agreement and the Addendum which were later discovered to be in breach of the parties' agreement. NSBA further avers that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11 of the First Amended Complaint.

12. NSBA denies the allegations of Paragraph 12 of the First Amended Complaint in that the referenced section of the Addendum cannot be read in isolation. The Court is respectfully referred to the Agreement and the Addendum To The Agreement for an accurate recitation of the parties' duties thereunder.

13. NSBA admits that it initially accepted services provided by IMG until such time as NSBA discovered the full extent of IMG's breaches of the Agreement. All other allegations in the Paragraph 13 of the First Amended Complaint are denied.

14. NSBA denies the allegations of Paragraph 14 of the First Amended Complaint in that the referenced section of the Addendum cannot be read in isolation, and the Court is respectfully referred to the Agreement and the Addendum To The

Agreement for an accurate recitation of the parties' duties thereunder.

15.  NSBA denies the allegations contained in Paragraph 15 of the First Amended Complaint.

16.  NSBA denies the allegations contained in Paragraph 16 of the First Amended Complaint. The Court is respectfully referred to the Agreement and the Addendum To The Agreement for an accurate recitation of the parties' duties thereunder.

17.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the First Amended Complaint.

18.  NSBA denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19.  NSBA admits that it paid IMG at total of $565,930.50. NSBA denies the remaining allegation of Paragraph 18 of the First Amended Complaint.

20.  NSBA denies the allegations contained in Paragraph 20 of the First Amended Complaint except admits that it terminated the contract due to IMG's breaches thereof.

## SUBJECT MATTER JURISDICTION AND VENUE

21.  Paragraph 21 of the First Amended Complaint consists of conclusions of law as to which no response is required.

22.  NSBA admits the allegations contained in Paragraph 22 of the First Amended Complaint.

23.  NSBA admits that venue is proper between it and IMG. NSBA denies the remaining allegations contained in Paragraph 23 of the First Amended Complaint.

## GENERAL JURISDICTION

24.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the First Amended Complaint.

25.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the First Amended Complaint.

26.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the First Amended Complaint.

27.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the First Amended Complaint.

28.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the First Amended Complaint.

29.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the First Amended Complaint.

30.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the First Amended Complaint.

31.  NSBA denies the allegations contained in Paragraph 31 of the Complaint.

32.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the First Amended Complaint.

33.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the First Amended Complaint.

34.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the First Amended Complaint.

35.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the First Amended Complaint.

## SPECIFIC JURISDICTION

36.  NSBA denies the allegations contained in Paragraph 36 of the First Amended Complaint.

37.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the First Amended Complaint.

38.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the First Amended Complaint.

39.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the First Amended Complaint.

40.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the First Amended Complaint.

41.  NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the First Amended Complaint.

**DCM'S ASSUMPTION OF THE CONTRACT**

42.  NSBA denies the allegations contained in Paragraph 42 of the First Amended Complaint.

43.  NSBA denies the allegations contained in Paragraph 43 of the First Amended Complaint.

44.  NSBA denies the allegations contained in Paragraph 44 of the First Amended Complaint.

45.  NSBA denies the allegations contained in Paragraph 45 of the First Amended Complaint.

46.  NSBA denies the allegations contained in Paragraph 46 of the First Amended Complaint.

47.  NSBA denies the allegations contained in Paragraph 47 of the First Amended Complaint.

48.  NSBA denies the allegations contained in Paragraph 48 of the First Amended Complaint.

49.  NSBA denies the allegations contained in Paragraph 49 of the First Amended Complaint.

50.  NSBA denies the allegations contained in Paragraph 50 of the First Amended Complaint except admit that IMG was to be compensated in two installments per payment period.

51.  NSBA denies the allegations contained in Paragraph 51 of the First Amended Complaint.

52.  NSBA denies the allegations contained in Paragraph 52 of the First Amended Complaint.

53.  NSBA denies the allegations contained in Paragraph 53 of the First Amended Complaint.

54.  NSBA denies the allegations contained in Paragraph 54 of the First Amended Complaint.

55.  NSBA denies the allegations contained in Paragraph 55 of the First Amended Complaint.

56.  NSBA denies the allegations contained in Paragraph 56 of the First Amended Complaint.

57.  NSBA denies the allegations contained in Paragraph 57 of the First Amended Complaint.

58.   NSBA denies the allegations contained in Paragraph 58 of the First Amended Complaint.

59.   NSBA denies the allegations contained in Paragraph 59 of the First Amended Complaint.

60.   NSBA denies the allegations contained in Paragraph 60 of the First Amended Complaint.

61.   NSBA denies the allegations contained in Paragraph 61 of the First Amended Complaint.

## PIERCING THE CORPORATE VEIL

62.   NSBA denies the allegations contained in Paragraph 62 of the First Amended Complaint.

63.   NSBA denies the allegations contained in Paragraph 63 of the First Amended Complaint.

64.   NSBA denies the allegations contained in Paragraph 64 of the First Amended Complaint.

65.   NSBA denies the allegations contained in Paragraph 65 of the First Amended Complaint.

66.   NSBA denies the allegations contained in Paragraph 66 of the First Amended Complaint.

67.   NSBA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the First Amended Complaint.

68.   NSBA denies the allegations contained in Paragraph 68 of the First Amended Complaint.

69. NSBA denies the allegations contained in Paragraph 69 of the First Amended Complaint.

70. NSBA denies the allegations contained in Paragraph 70 of the First Amended Complaint.

71. NSBA denies the allegations contained in Paragraph 71 of the First Amended Complaint.

72. NSBA denies the allegations contained in Paragraph 72 of the First Amended Complaint.

73. NSBA denies the allegations contained in Paragraph 73 of the First Amended Complaint.

74. To the extent Paragraph 74 purports to show that DCM exercised complete domination over NSBA, NSBA denies the allegations contained in Paragraph 74 of the First Amended Complaint.

75. NSBA denies the allegations contained in Paragraph 75 of the First Amended Complaint.

76. NSBA denies the allegations contained in Paragraph 76 of the First Amended Complaint.

77. NSBA denies the allegations contained in Paragraph 77 of the First Amended Complaint.

78. NSBA denies the allegations contained in Paragraph 78 of the First Amended Complaint.

79. NSBA denies the allegations contained in Paragraph 79 of the First Amended Complaint.

80.   NSBA denies the allegations contained in Paragraph 80 of the Complaint.

81.   NSBA denies the allegations contained in Paragraph 81 of the First Amended Complaint.

82.   NSBA denies the allegations contained in Paragraph 82 of the First Amended Complaint.

83.   NSBA denies the allegations contained in Paragraph 83 of the First Amended Complaint.

84.   NSBA denies the allegations contained in Paragraph 84 of the First Amended Complaint.

## FIRST CAUSE OF ACTION

85.   NSBA incorporates by reference its responses to paragraphs 1 through 84 above of the First Amended Complaint, as though fully set forth herein.

86.   NSBA denies the allegations contained in Paragraph 86 of the of the First Amended Complaint.

87.   NSBA denies the allegations contained in Paragraph 87 of the First Amended Complaint except admits that IMG demanded payment even though it was not entitled to the payment demanded.

88.   NSBA denies the allegations contained in Paragraph 88 of the First Amended Complaint except it admits it terminated the contract due to IMG's breaches thereof.

89.   NSBA denies the allegations contained in Paragraph 89 of the First Amended Complaint

## SECOND CAUSE OF ACTION

90.  NSBA incorporates by reference its responses to paragraphs 1 through 89 of the First Amended Complaint, as though fully set forth herein.

91.  NSBA denies the allegations contained in Paragraph 91 of the First Amended Complaint.

92.  NSBA denies the allegations contained in Paragraph 92 of the First Amended Complaint.

93.  NSBA denies the allegations contained in Paragraph 93 of the First Amended Complaint.

94.  NSBA denies the allegations contained in Paragraph 94 of the First Amended Complaint except admits that IMG demanded payment even though it was not entitled to the payment demanded.

95.  NSBA denies the allegations contained in Paragraph 95 of the First Amended Complaint.

## THIRD CAUSE OF ACTION

96.  NSBA incorporates by reference its responses to paragraphs 1 through 95 of the First Amended Complaint, as though fully set forth herein.

97.  NSBA denies the allegations contained in Paragraph 97 of the First Amended Complaint.

98.  NSBA denies the allegations contained in Paragraph 98 of the First Amended Complaint.

99. NSBA denies the allegations contained in Paragraph 99 of the First Amended Complaint except admits that IMG demanded payment even though it was not entitled to the payment demanded.

100. NSBA denies the allegations contained in Paragraph 100 of the First Amended Complaint.

### FOURTH CAUSE OF ACTION

101. NSBA incorporates by reference its responses to paragraphs 1 through 100 of the First Amended Complaint, as though fully set forth herein.

102. NSBA denies the allegations contained in Paragraph 102 of the First Amended Complaint except that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 102 of the First Amended Complaint with respect to what IMG may or may not have relied on.

103. NSBA lacks knowledge or information sufficient to form a belief as to what IMG "would not have" done. NSBA denies the remaining allegations contained in Paragraph 103 of the First Amended Complaint.

104. Paragraph 104 of the First Amended Complaint consists of conclusions of law and improper argument to which no response is required. To the extent paragraph 104 of the First Amended Complaint contains allegations against NSBA, NSBA denies same.

105. NSBA denies the allegations contained in Paragraph 105 of the First Amended Complaint.

106. NSBA admits that IMG demanded payment even though it was not entitled to the payment demanded.  NSBA denies the remaining allegation of Paragraph 106 of the First Amended Complaint.

107. NSBA denies the allegations contained in Paragraph 107 of the First Amended Complaint.

## FIFTH CAUSE OF ACTION

108. NSBA incorporates by reference its responses to paragraphs 1 through 108 of the First Amended Complaint, as though fully set forth herein.

109. NSBA denies the allegations contained in Paragraph 109 of the First Amended Complaint except NSBA lacks knowledge or information sufficient to form a belief as to IMG's expectation.

110. NSBA denies the allegations contained in Paragraph 110 of the First Amended Complaint.

111. NSBA denies the allegations contained in Paragraph 111 of the First Amended Complaint.

112. NSBA admits that IMG demanded payment even though it was not entitled to the payment demanded.  To the extent paragraph 112 of the First Amended Complaint contains allegations against NSBA, NSBA denies same.

113. NSBA denies the allegations contained in Paragraph 113 of the First Amended Complaint.

114. NSBA denies the allegations contained in Paragraph 114 of the First Amended Complaint.

### SIXTH CAUSE OF ACTION

115. NSBA incorporates by reference its responses to paragraphs 1 through 114 of the First Amended Complaint, as though fully set forth herein.

116. NSBA denies the allegations contained in Paragraph 115 of the First Amended Complaint.

117. NSBA denies the allegations contained in Paragraph 116 of the First Amended Complaint.

118. NSBA denies the allegations contained in Paragraph 117 of the First Amended Complaint.

### SEVENTH CAUSE OF ACTION

119. NSBA incorporates by reference its responses to paragraphs 1 through 118 of the First Amended Complaint, as though fully set forth herein.

120. NSBA denies the allegations contained in Paragraph 120 of the First Amended Complaint except respectfully refers The Court to the Agreement and the Addendum for a full and accurate recitation of the terms thereof.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

IMG's claims are barred by its own material breaches.

### THIRD AFFIRMATIVE DEFENSE

All equitable claims are barred under the doctrines of unclean hands, waiver, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

IMG's claims are barred by its own intentional, culpable conduct.

### FIFTH AFFIRMATIVE DEFENSE

IMG's failure to render its services in accordance with its own representations, within industry standards and within the terms of the parties' agreement substantially and fundamentally defeated the very purpose of such document(s) and entitles NSBA to rescission.

### SIXTH AFFIRMATIVE DEFENSE

IMG failed to mitigate any alleged damages it may have suffered.

### SEVENTH AFFIRMATIVE DEFENSE

IMG's breaches of the parties' agreement exposed NSBA to legal liability and threatened NSBA with immediate and irreparable harm.

## EIGHTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails due to the contributory negligence and affirmative malfeasance of others, namely IMG's affiliates.

## NINTH AFFIRMATIVE DEFENSE

NSBA denies any and all allegations and averments in the First Amended Complaint that have not been specifically and expressly admitted herein.

## TENTH AFFIRMATIVE DEFENSE

No damages were suffered by IMG.

## ELEVENTH AFFIRMATIVE DEFENSE

IMG is not entitled to a trial by jury.

**WHEREFORE,** NSBA prays that the First Amended Complaint be dismissed in its entirety, together with its costs and expenses and such other and further relief as may be appropriate.

## COUNTERCLAIMS

As and for its counterclaims against IMG, NSBA hereby alleges, as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Upon information and belief, Counterdefendant IMG is a Nevada corporation with its principal place of business located in Atlanta, Georgia.

2.  Counterplaintiff NSBA is incorporated in and has as its principal place of business Washington, D.C. IMG and NSBA

entered into an agreement under which both parties submitted to the jurisdiction of this Court.

3.  This Court has jurisdiction over Counterplaintiff NSBA's counterclaims pursuant to 28 U.S.C. § 1332.

4.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs, and attorneys' fees.

5. With respect to the counterclaims, venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because NSBA and IMG contractually agreed to the venue of this matter in this Court.

**BACKGROUND**

6. This is a civil action for breach of contract, bad faith, unjust enrichment, use of false designation of origin and in violation of Sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related claims under the laws of the State of New York and at common law for unfair competition, unfair trade practices and acts, false and misleading advertising, and deceptive acts and practices.

7. NSBA is a company that provides services primarily to small businesses. It entered into a contractual relationship ("the Agreement") with IMG on or about April 26, 2005, which was later amended by the Addendum.

8. Under the terms of the Agreement, IMG would market NSBA's services over the Internet in exchange for a per-sale (or under the language of the Agreement, a "per acquisition") commission. Under the Agreement, IMG committed to use its own efforts, as well as the efforts of IMG's network of affiliates, to advertise NSBA on various websites and through commercial e-mail solicitations.

9. Because the field of commercial e-mails is heavily regulated by anti-"spam" laws and other unfair trade practice statutes, NSBA insisted that the Agreement contain, and the Agreement does in fact contain, a provision that the contents of any advertisements or e-mail used by IMG or its affiliates must be approved by NSBA before being published or transmitted. Specifically, the Agreement provides that "[NSBA] will be solely responsible for creating, managing, editing, reviewing, deleting and otherwise controlling the advertising and the content thereof... No changes shall be made to the advertising by IMG or its affiliates without the express written consent of [NSBA]."

10.  The Agreement also provided that with respect to sales and leads generated pursuant to the Agreement, IMG was forbidden from marketing products or services that competed with NSBA.

11.  In order to assist the parties in maximizing revenues, NSBA permitted IMG to design and maintain a website, www.nsbaonline1.com ("the website"), through which customers

could order NSBA's services. Commercial e-mails included a link to the website to facilitate a purchase and to allow the parties to calculate the number of sales achieved pursuant to the Agreement.

12.  The website was constructed to enable purchases to be made via the Internet. Interested customers were asked to enter their name, physical address, e-mail address, telephone number and checking account information if he or she was considering making a purchase.

13.  If the customer proceeded to enter the requested information, he or she was supposed to be informed of the terms and conditions of the purchase, and would receive one last opportunity to accept or decline the purchase depending on their acceptance of the terms of sale. If the customer accepted, the transaction would be processed and the checking account that the customer provided would be debited.

14.  Upon information and belief, unbeknownst to NSBA, IMG designed the website so that if the customer entered the required information but then declined the terms and conditions or otherwise tried to exit the website without completing the purchase, the transaction could and would nonetheless be processed and the consumer's checking account debited.  The customer might not notice the debit until the end of the billing cycle of the checking account.

15.  IMG's scheme to process incomplete transactions and debit the accounts of unwilling customers had the effect of increasing IMG's commissions in the short term and exposing NSBA to, among other things, a very high rate of refund requests and customer dissatisfaction, usually after the customer received their checking statement at the end of the billing cycle.

16.  The scheme to process incomplete transactions was not the only instance of wrongful conduct on the part of IMG. In a separate attempt to achieve even greater commission levels, IMG and its affiliates began using non-approved advertisements that falsely described the nature of NSBA's offer in an attempt to generate more sales and therefore, more commissions.

17.  The non-approved advertisements resulted in artificially inflated commission claims by IMG, and for NSBA, more dissatisfied consumers, more refund requests and increased legal exposure for possible unfair trade practices.

18.  IMG and its affiliates also used the NSBA brand name in the subject line of commercial e-mail solicitations for other products. This had the effect of trading off NSBA's brand name and associated goodwill to sell products that competed with NSBA. **These e-mails continued through at least October 12, 2005 and are possibly continuing through the date hereof.  On October 12, 2005, IMG and/or its affiliates used NSBA's name and**

goodwill in an e-mail to market credit cards for Four Oaks Bank and Trust Company in North Carolina.

19.   Upon information and belief, IMG breached the contract in a number of additional ways, including but not limited to improperly offering competing products to leads that belonged to NSBA and through other misuse of customer information that will be revealed through the discovery process in this case.

20.   IMG has interfered with contracts and prospective economic advantages and relationships NSBA entered into with other online marketers by wrongful means.

21.   Upon information and belief, IMG has contacted other Internet marketing companies that NSBA uses to market its services and has threatened to cease doing business with these companies unless the companies immediately stopped doing business with NSBA. These threats were accompanied by intentional misrepresentations about NSBA and the co-defendant DCM made throughout the direct marketing community.

### FIRST COUNTERCLAIM – BREACH OF CONTRACT

22.   NSBA repeats and realleges the allegations contained in paragraphs 1 through 21 as if set forth at length herein.

23.   NSBA and IMG were parties to the Agreement.

24.   IMG materially breached the contract through the conduct described herein.

25.  IMG's material breaches of the Agreement have damaged NSBA in an amount to be determined at trial.

## SECOND COUNTERCLAIM – BREACH OF
## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

26.  NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 21 as if set forth at length herein.

27.  Under the law of the State of New York, a covenant of good faith and fair dealing is implied in every contract.

28.  Through the conduct described herein, IMG breached breaches of the covenant of good faith and fair dealing.

29.  IMG's breaches of the covenant of good faith and fair dealing have damaged NSBA in an amount to be determined at trial.

## THIRD COUNTERCLAIM – LANHAM ACT FALSE ADVERTISING

30.  NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 21 as if set forth at length herein.

31.  IMG made false statements about the nature of it and its customers' offers constituting false or misleading statements of fact.

32.  Such statements either actually deceived or had the capacity to deceive a substantial segment of potential consumers.

33.   The deception was material, as it was likely to influence the purchasing decision of consumers.

34.   IMG made these statements in interstate commerce.

35.   NSBA has been injured and is likely to be further injured as a result of IMG's conduct in an amount to be determined at trial.

36.   The acts alleged herein constitute false advertising in violation of the Lanham Act.

37.   Because of IMG's bad faith and the willful and deliberate nature of IMG's conduct, the amount of NSBA's damages should be trebled in accordance with 15 U.S.C § 1117(a).

38.   The foregoing acts of IMG additionally warrant an award of attorney's fees as an "exceptional case."

### FOURTH COUNTERCLAIM – LANHAM ACT UNFAIR COMPETITION

39.   NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 21  as if set forth at length herein.

40.   By deliberately inserting NSBA's name into the subject line of e-mail solicitations for competing products, IMG has caused, and if not enjoined, will continue to cause, consumers within this judicial district and others to be confused, mistaken and/or deceived as to the affiliation, connection or association with NSBA or as to the origin, sponsorship or approval of the goods and services being promoted by IMG.

41.  IMG and its affiliates have unfairly denied NSBA the brand name recognition and associated goodwill among potential purchasers.

42.  IMG has unfairly diverted and distracted potential purchasers from NSBA.

43.  By processing transactions in the name of NSBA to consumers who did not accept the terms of sale in order to generate commissions for itself, IMG has unfairly denied NSBA the brand name recognition and associated goodwill among consumers.

44.  Because of IMG's bad faith and the willful and deliberate nature of IMG's conduct, the amount of NSBA's damages should be trebled in accordance with 15 U.S.C § 1117(a).

45.  The foregoing acts of IMG additionally warrant an award of attorney's fees as an exceptional case

### FIFTH COUNTERCLAIM — TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

46.  NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 21  as if set forth at length herein.

47.  The Agreement provided that if a potential customer provided his contact information through the Internet but decided not to make a purchase (referred to in the Complaint as a "non-complete"), that NSBA would have certain rights to

solicit that potential customer and that IMG could not offer competing products to these potential customers.

48. Because of the Agreement, IMG had knowledge of these prospective business relationships between NSBA and potential customers who had expressed some interest in NSBA's services.

49. Upon information and belief, IMG offered competing products to these potential customers in interference with these prospective business relations.

50. IMG also contacted other Internet marketing companies such as Azoogle, Affnet and possibly others, and made false representations concerning NSBA and DCM and then, for no valid business reason other than to injure NSBA and DCM, threatened to pull all of IMG's business from these marketing companies if the companies continued doing business with NSBA.

51. IMG used dishonest, unfair and/or improper means to interfere with NSBA's prospective business relationships.

52. As a result of IMG's tortious interference, NSBA was prevented from entering into business relationships with these third party direct marketing companies.

53. Some Internet companies did in fact stop doing business with NSBA, thereby causing NSBA to lose these business relationships and economic advantages. This caused NSBA to suffer damages in an amount yet to be quantified but to be proven at trial.

### SIXTH COUNT - NEW YORK GENERAL BUSINESS LAW § 349

54.  NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 21 as if set forth at length herein.

55.  The misrepresentations by IMG described herein appeared in Internet advertisements and e-mails sent directly to consumers in this state.

56.  The misrepresentations by IMG described herein constitute deceptive acts or practices in the conduct of business, trade or commerce or in the furnishing of services in this state.

57.  IMG's statements concerning the nature of NSBA's offer are materially misleading.

58.  NSBA has been directly and proximately damaged as a result of IMG's materially misleading statements directed at consumers in an amount to be proven at trial.

59.  IMG's acts as described herein were committed willfully, knowingly and with a high degree of moral turpitude.

60.  NSBA therefore should be awarded treble damages, punitive damages and reasonable attorney's fees from IMG.

### SEVENTH COUNT - NEW YORK GENERAL BUSINESS LAW § 350

61.  NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 21 as if set forth at length herein.

62.   IMG and its affiliates used non-approved advertisements that falsely described the nature of NSBA's offer.

63.   These false statements were materially misleading.

64.   NSBA has been injured as a result of defendants' false advertisements.

### EIGHTH COUNT – COMMON LAW TRADEMARK INFRINGEMENT

65.   NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 21 as if set forth at length herein.

66.   NSBA has protectable common law service marks in the NSBA and NATIONAL SMALL BUSINESS ALLIANCE marks ("the NSBA marks").

67.   IMG's unauthorized use of the NSBA marks to sell goods and/or services created a likelihood of confusion with respect to affiliation, connection or association with NSBA or as to the source of origin, sponsorship or approval of the goods and services being promoted by IMG.

68.   NSBA has been directly and proximately damaged by the acts of IMG as described herein in an amount to be proven at trial.

69.   The acts of IMG as described herein constitute trademark infringement under the common law of the State of New York.

## NINTH COUNT – COMMON LAW UNFAIR COMPETITION

70.   NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 21 as if set forth at length herein.

71.   IMG's conduct as described herein has directly and proximately damaged NSBA and constitutes unfair competition under the common law of the State of New York.

## TENTH COUNT – MISAPPROPRIATION

72.   NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 through 21 as if set forth at length herein.

73.   IMG's conduct as described herein, constituted an unlawful misappropriation for IMG's own use and benefit the valuable goodwill and brand name recognition under the common law of the State of New York.

**74.**   IMG's misappropriation as described herein has directly and proximately damaged NSBA in an amount to be proven at trial.

## ELEVENTH COUNT – UNJUST ENRICHMENT

75.   NSBA repeats and realleges the allegations contained in counterclaim paragraphs 1 to 21 above as if fully set forth herein.

76.   IMG received and retained the benefit of NSBA's marketing and advertising services and expenditures to generate

a customer and lead base which, but for the NSBA's acts, would not have been performed by NSBA.

77.   IMG improperly used said customer list and lead base for their own benefit without paying just compensation.

78.   IMG has been unjustly enriched having use of NSBA's assets and expenditures.

79.   By reason of the foregoing, NSBA is entitled to the value of its services and benefits retained by IMG in the amount to be proven at trial.

**WHEREFORE**, NSBA demands judgment as follows against IMG:

A.   Permanently enjoining defendants, their officers, directors, employees, and attorneys and all those acting in concert with them from tortiously interfering with NSBA's contracts and protectible economic advantages, from using the NSBA marks or its property in any commercial e-mail, Internet website or domain name or in any other manner that violates the Lanham Act or the statutory or common law of New York.

B.   Ordering an accounting of all revenues received by IMG through any improper use of the NSBA marks or as a result of the false or misleading advertising or unfair competition described herein.

C.   Requiring IMG to account to NSBA for any and all profits derived by it from the unauthorized advertising and/or sale of products and services and for all damages sustained by

NSBA reason of IMG's acts of infringement, unfair competition, breach of contract, tortious interference, unjust enrichment, and other wrongdoing complained of herein;

D.    Awarding NSBA: i) all profits realized as a result of the false advertising, unfair competition, deceptive trade practices and trademark infringement of the NSBA marks; ii) all damages sustained by NSBA, including but limited to lost profits and damages to its goodwill and brand name recognition; and iii) in the Court's discretion, such sum as the Court finds to be just, including but not limited to such damages being enhanced according to statute.

E.    Awarding NSBA treble damages or profits pursuant to 15 U.S.C. § 1117(b).

F.    Awarding NSBA punitive damages.

G.    Awarding NSBA the costs of this action, pre-judgment interests and reasonable attorney's fees.

H.    Granting such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          January 31, 2006

                          THE LUSTIGMAN FIRM, P.C.


                          By: _Scott Shffr_____
                          ANDREW B. LUSTIGMAN (AL-8209)
                          SCOTT SHAFFER (SS-6560)
                          149 Madison Avenue, Suite 805
                          New York, New York 10016
                          Tel: (212) 683-9180

Fax: (212) 683-9181

ATTORNEYS FOR DEFENDANT AND
COUNTERPLAINTIFF NATIONAL
SMALL BUSINESS ALLIANCE, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, and to the extent permitted by the parties' Agreement, National Small Business Alliance, Inc. requests a trial by jury.

DATED:     New York, New York
           January 31, 2006

                                    THE LUSTIGMAN FIRM, P.C.


                                    By: _____
                                    ANDREW B. LUSTIGMAN (AL-8209)
                                    SCOTT SHAFFER (SS-6560)
                                    149 Madison Avenue, Suite 805
                                    New York, New York 10016
                                    Tel: (212) 683-9180
                                    Fax: (212) 683-9181

                                    ATTORNEYS FOR DEFENDANT AND
                                    COUNTERPLAINTIFF NATIONAL
                                    SMALL BUSINESS ALLIANCE, INC.

)

## CERTIFICATE OF SERVICE

I, Scott Shaffer, an associate of The Lustigman Firm, P.C., counsel for the defendants in the within action, do hereby certify that true and correct copies of each the following documents:

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

were served by hand delivery on the 31st day of January 2006 upon counsel for plaintiff in the within action by depositing same in a sealed envelope and causing a courier service to hand deliver it to the following person and address:

Sean A. Moynihan, Esq.
Klein, Zelman, Rothermel & Dichter
485 Madison Avenue
New York, NY 10022

counsel for the plaintiff in this matter.

_____
SCOTT SHAFFER


Dated: Janaury 31, 2006