UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
IMPULSE MARKETING GROUP, INC.,                                     :
                                                                   :  05 CV 7776 (KMK)
        Plaintiff,                                                :
                                                                   :
        v.                                                        :  **REPLY TO AMENDED**
                                                                   :  **COUNTERCLAIMS**
NATIONAL SMALL BUSINESS ALLIANCE, INC.                             :
and DIRECT CONTACT MEDIA, INC.,                                    :
                                                                   :
        Defendants.                                               :
                                                                   :
                                                                      ECF CASE
------------------------------------------------------------------ X

      Plaintiff Impulse Marketing Group, Inc. ("IMG" or "Plaintiff"), by its attorneys Klein, Zelman, Rothermel & Dichter, L.L.P., Reply to Defendant National Small Business Alliance, Inc.'s ("NSBA" or "Defendant") Amended Counterclaims as follows:

## PARTIES, JURISDICTION AND VENUE

      1.    Admits the allegations set forth in paragraph 1 of Defendant's Amended Counterclaims.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation that "Counterplaintiff NSBA is incorporated in and has as its principal place of business Washington, D.C." as set forth in paragraph 2 of Defendant's Amended Counterclaims. Admit the allegation that "IMG and NSBA entered into an agreement under which both parties submitted to the jurisdiction of this Court."

{00076315;1}

3.  The allegations contained in paragraph 3 of Defendant's Amended Counterclaims call for conclusion of law to which no responsive pleading is required. To the extent that a response is required, Plaintiff denies same.

4.  Denies that the amount of Defendant's Amended Counterclaims in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

5.  Admits the allegations set forth in paragraph 5 of Defendant's Amended Counterclaims.

## BACKGROUND

6.  The allegations set forth in paragraph 6 of Defendant's Amended Counterclaims call for a conclusion of law to which no response is required.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegation that "NSBA is a company that provides services primarily to small businesses" but admits the remaining allegation contained in paragraph 7 of Defendant's Amended Counterclaims.

8.  No response is required as to the allegations set forth in paragraph 8 of Defendant's Amended Counterclaims, as the Agreement speaks for itself.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegation that "[B]ecause the field of commercial e-mails is heavily regulated by anti-'spam' laws and other unfair trade practice statutes, NSBA insisted on certain portions of the Agreement" as set forth in paragraph 9 of Defendants Amended Counterclaims except respectfully refers the Court to the Agreement for a full and accurate recitation of the terms thereof.

10. Plaintiff respectfully refers the Court to the Agreement for a full and accurate recitation of the terms thereof. To the extent a response is required, Plaintiff denies same.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of Defendant's Amended Counterclaims.

12. Admit the allegations set forth in paragraph 12 of Defendant's Amended Counterclaims.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Defendant's Amended Counterclaims.

14. Denies the allegations set forth in paragraph 14 of Defendant's Amended Counterclaims.

15. Denies the allegations set forth in paragraph 15 of Defendant's Amended Counterclaims.

16. Denies the allegations set forth in paragraph 16 of Defendant's Amended Counterclaims.

17. Denies the allegations set forth in paragraph 17 of Defendant's Amended Counterclaims.

18. Denies the allegations set forth in paragraph 18 of Defendant's Amended Counterclaims.

19. Denies the allegations set forth in paragraph 19 of Defendant's Amended Counterclaims.

20. Denies the allegations set forth in paragraph 20 of Defendant's Amended Counterclaims.

21. Denies the allegations set forth in paragraph 21 of Defendant's Amended Counterclaims.

## FIRST AMENDED COUNTERCLAIM – BREACH OF CONTRACT

22. IMG repeats and reiterates each and every reply set forth in paragraphs 1 through 21 above, inclusive, as though set forth herein.

23. Admits the allegations set forth in paragraph 23 of Defendant's First Amended Counterclaim.

24. Denies the allegations set forth in paragraph 24 of Defendant's First Amended Counterclaim.

25. Denies the allegations set forth in paragraph 25 of Defendant's First Amended Counterclaim.

## SECOND AMENDED COUNTERCLAIM – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

26. IMG repeats and reiterates each and every reply set forth in paragraphs 1 through 25 above, inclusive, as though set forth herein.

27. The allegations contained in paragraph 27 of Defendant's Second Amended Counterclaim calls for conclusion of law to which no responsive pleading is required.

28. Denies the allegations set forth in paragraph 28 of Defendant's Second Amended Counterclaim.

29. Denies the allegations set forth in paragraph 29 of Defendant's Amended Second Counterclaim.

## THIRD AMENDED COUNTERCLAIM – LANHAM ACT FALSE ADVERTISING

30. IMG repeats and reiterates each and every reply set forth in paragraphs 1 through 29 above, inclusive, as though set forth herein.

31. Denies the allegations set forth in paragraph 31 of Defendant's Third Amended Counterclaim.

32. Denies the allegations set forth in paragraph 32 of Defendant's Third Amended Counterclaim.

33. Denies the allegations set forth in paragraph 33 of Defendant's Third Counterclaim.

34. Denies the allegations set forth in paragraph 34 of Defendant's Third Counterclaim.

35. Denies the allegations set forth in paragraph 35 of Defendant's Third Counterclaim.

36. Denies the allegations set forth in paragraph 36 of Defendant's Third Counterclaim.

37. Denies the allegations set forth in paragraph 37 of Defendant's Third Counterclaim.

38. Denies the allegations set forth in paragraph 38 of Defendant's Third Counterclaim.

**FOURTH AMENDED COUNTERCLAIM – LANHAM ACT UNFAIR COMPETITION**

39. IMG repeats and reiterates each and every reply set forth in paragraphs 1 through 38 above, inclusive, as though set forth herein.

{00076315;1}00076315;1                     5

40. Denies the allegations set forth in paragraph 40 of Defendant's Fourth Amended Counterclaim.

41. Denies the allegations set forth in paragraph 41 of Defendant's Fourth Amended Counterclaim.

42. Denies the allegations set forth in paragraph 42 of Defendant's Fourth Amended Counterclaim.

43. Denies the allegations set forth in paragraph 43 of Defendant's Fourth Amended Counterclaim.

44. Denies the allegations set forth in paragraph 44 of Defendant's Fourth Amended Counterclaim.

45. Denies the allegations set forth in paragraph 45 of Defendant's Fourth Amended Counterclaim.

## FIFTH AMENDED COUNTERCLAIM – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

46. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 45 above, inclusive, as though set forth herein.

47. Plaintiff respectfully refers the Court to the Agreement for a full and accurate recitation of the terms thereof. To the extent a response is required, Plaintiff denies same.

48. Denies the allegations set forth in paragraph 48 of Defendant's Fifth Amended Counterclaim.

49. Denies the allegations set forth in paragraph 49 of Defendant's Fifth Amended Counterclaim.

50. Denies the allegations set forth in paragraph 50 of Defendant's Fifth Amended Counterclaim.

51. Denies the allegations set forth in paragraph 51 of Defendant's Fifth Amended Counterclaim.

52. Denies the allegations set forth in paragraph 52 of Defendant's Fifth Amended Counterclaim.

53. Denies the allegations set forth in paragraph 53 of Defendant's Fifth Amended Counterclaim.

## SIXTH AMENDED COUNT[1] – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

54. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 53 above, inclusive, as though set forth herein.

55. Denies the allegations set forth in paragraph 55 of Defendant's Sixth Amended Count.

56. Denies the allegations set forth in paragraph 56 of Defendant's Sixth Amended Count.

57. Denies the allegations set forth in paragraph 57 of Defendant's Sixth Amended Count.

---

1 For Defendant's sixth, seventh, eighth, ninth, tenth, and eleventh Amended Counterclaims, Defendant uses the term "count" instead of "Counterclaim" in its headings.

{00076315;1}00076315;1                     7

58. Denies the allegations set forth in paragraph 58 of Defendant's Sixth Amended Count.

59. Denies the allegations set forth in paragraph 59 of Defendant's Sixth Amended Count.

60. Denies the allegations set forth in paragraph 60 of Defendant's Sixth Amended Count.

**SEVENTH AMENDED COUNT – NEW YORK GENERAL BUSINESS LAW § 350**

61. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 60 above, inclusive, as though set forth herein.

62. Denies the allegations set forth in paragraph 62 of Defendant's Seventh Amended Count.

63. Denies the allegations set forth in paragraph 63 of Defendant's Seventh Amended Count.

64. Denies the allegations set forth in paragraph 64 of Defendant's Seventh Amended Count.

**EIGHTH AMENDED COUNT – COMMON LAW TRADEMARK INFRINGEMENT**

65. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 64 above, inclusive, as though set forth herein.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of Defendant's Eighth Amended Count.

67. Denies the allegations set forth in paragraph 67 of Defendant's Eight Amended Count.

68. Denies the allegations set forth in paragraph 68 of Defendant's Eighth Amended Count.

69. Denies the allegations set forth in paragraph 69 of Defendant's Eighth Amended Count.

**NINTH AMENDED COUNT – COMMON LAW UNFAIR COMPETITION**

70. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 69 above, inclusive, as though set forth herein.

71. Denies the allegations set forth in paragraph 71 of Defendant's Ninth Amended Count.

**TENTH AMENDED COUNT – MISAPPROPRIATION**

72. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 71 above, inclusive, as though set forth herein.

73. Denies the allegations set forth in paragraph 73 of Defendant's Tenth Amended Count.

74. Denies the allegations set forth in paragraph 74 of Defendant's Tenth Amended Count.

**ELEVENTH AMENDED COUNT – UNJUST ENRICHMENT**

75. Defendant repeats and reiterates each and every reply set forth in paragraphs 1 through 74 above, inclusive, as though set forth herein.

76. Denies the allegations set forth in paragraph 76 of Defendant's Eleventh Amended Count.

77. Denies the allegations set forth in paragraph 77 of Defendant's Eleventh Amended Count.

78. Denies the allegations set forth in paragraph 78 of Defendant's Eleventh Amended Count.

79. Denies the allegations set forth in paragraph 79 of Defendant's Eleventh Amended Count.

### AFFIRMATIVE DEFENSES TO DEFENDANT'S AMENDED COUNTERCLAIMS

Without admitting any of the allegations of Defendant's Amended Counterclaims, IMG alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims fail to state a cause of action or to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred in whole or in part by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred in whole or in part by the doctrine of

laches.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred, in whole or in part, by the doctrine of fair use.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred, in whole or in part, because Defendant consented to permit IMG to use its name in commercial use.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred, in whole or in part, because Defendant failed to mitigate its damages. To the extent that IMG violated the Lanham Act, which IMG has denied hereinabove, NSBA, *inter alia*, refused to cooperate with IMG to determine the identity of the third-party affiliate allegedly infringing upon NSBA's trademark.

## NINTH AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred, in whole or in part, because of Defendant's own material breaches.

## TENTH AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred, in whole or in part, because of Defendant's own intentional, culpable conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's Amended Counterclaims are barred by specific provisions of the Agreement(s).

WHEREFORE, IMG prays that the Court:

1. Dismiss Defendant's Amended Counterclaims with prejudice and enter judgment for IMG;

2. Deny any injunctive or equitable relief sought by Defendant;

3. Award IMG its reasonable attorney's fees, disbursements, and costs; and

4. Grant IMG such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      February 17, 2006

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.

By: ___s/_____
Sean A. Moynihan (SM-5129)
Peter J. Glantz (PG-1063)
485 Madison Avenue
New York, New York 10022
(212) 935-6020
Attorneys for Plaintiff
Impulse Marketing Group, Inc.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                          : ss.
COUNTY OF NEW YORK        )

        PETER J. GLANTZ, being duly sworn says: I am not a party to the action, am over 18 years of age and reside in New York, New York.

        On February 17, 2006, I caused to be served a true copy of the annexed Declaration of Jeffrey Goldstein in Opposition to Defendant Direct Contact Media Inc.'s ("DCM") Motion to Dismiss Impulse Marketing Group, Inc.'s Amended Complaint as Against DCM; and the annexed Memorandum of Law in Opposition to Defendant Direct Contact Media Inc.'s ("DCM") Motion to Dismiss Impulse Marketing Group, Inc.'s Amended Complaint as Against DCM via Federal Express, addressed to the last known address of the addressee(s) as indicated below:

        Scott A. Shaffer, Esq.
        The Lustigman Firm, P.C.
        149 Madison Avenue, Suite 805
        New York, New York 10016-6713

                      PETER J. GLANTZ

Sworn to before me this
17rd day of February, 2006

Notary Public
DANA CHARLTON
Notary Public, State of New York
No. 60-4512786
Qualified in Westchester County
Commission Expires November 30, 20 09

00076430;1